IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES FORTNER,

    Plaintiff,

v.                                  No. 05-2034 B

UNITED STATES POSTAL SERV.
and BOBBY L. MAYS,

    Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

On May 12, 2005, this Court entered an order granting the renewed motion of the Plaintiff American Postal Workers Union, Memphis Area Local 96, AFL-CIO for a voluntary dismissal without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure and for withdrawal of counsel. The motion was granted based on the failure of the pro se Plaintiff, James Fortner, to respond thereto. The Court further directed that

> in order for the Court to determine whether [Fortner] plans to proceed with this action, Fortner will be given thirty days from the date of the entry of this order within which to advise the Court of his intention to pursue this litigation, with or without counsel. Failure of the Plaintiff Fortner to comply with this order may result in the dismissal of the lawsuit without further notice or hearing.

(Order Granting Renewed Mot. for Voluntary Dismissal Without Prejudice as to Am. Postal Workers Union and Withdrawal of Counsel at 2.)

According to the docket, the Plaintiff did not respond to the Court's directive. Moreover, the Plaintiff failed to appear at scheduling conferences set before Magistrate Judge Tu Pham on June 16 and July 14, 2005. On August 19, 2005, the Defendants, United States Postal Service and Bobby



L. Mays, moved for dismissal of the Plaintiff's complaint for failure to comply with Court orders and for failure to prosecute, to which the Plaintiff has failed to respond.

Fed. R. Civ. P. 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's

2

conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, the Plaintiff has violated the directives of this Court by failing to respond to the May 12, 2005 order. Moreover, by failing to appear at conferences concerning this matter and failing to respond to dispositive motions by the Defendants, Fortner is clearly making no effort to prosecute this matter. The necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on the Defendants. In addition, the Plaintiff has been advised in no uncertain terms that failure to respond to the Court's directives may result in dismissal of his claims. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 29th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:05-CV-02034 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

James Fortner
981 Rockhill Road
Como, MS 38619--244

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT